# Order

Michigan Supreme Court
Lansing, Michigan

May 1, 2013

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

145532 & (8)

In re:

HONORABLE KENNETH D. POST
Judge, 58th District Court
Hudsonville, Michigan

SC: 145532
JTC: Formal Complaint 90

BEFORE THE JUDICIAL TENURE COMMISSION

_____ /

On order of the Court, the motion to strike the respondent's acceptance of the recommendation is DENIED. The Judicial Tenure Commission having issued a Decision and Recommendation, and the respondent 58th District Court Judge Kenneth D. Post having not filed a petition to reject or modify the Commission's Decision and Recommendation, we accept the recommendation of the Judicial Tenure Commission and ORDER that the respondent be publicly censured and suspended for 30 days without pay, effective 21 days from the date of this order.

As we conduct our de novo review of this matter, we are mindful of the standards set forth in *In re Brown*, 461 Mich 1291, 1292-1293 (2000):

[E]verything else being equal:

(1)    misconduct that is part of a pattern or practice is more serious than an isolated instance of misconduct;

(2)    misconduct on the bench is usually more serious than the same misconduct off the bench;

(3)    misconduct that is prejudicial to the actual administration of justice is more serious than misconduct that is prejudicial only to the appearance of propriety;

(4)    misconduct that does not implicate the actual administration of justice, or its appearance of impropriety, is less serious than misconduct that does;

(5)    misconduct that occurs spontaneously is less serious than misconduct that is premeditated or deliberated;

(6)    misconduct that undermines the ability of the justice system to discover the truth of what occurred in a legal controversy, or to reach the most just result in such a case, is more serious than misconduct that merely delays such discovery;

(7)    misconduct that involves the unequal application of justice on the basis of such considerations as race, color, ethnic background, gender, or religion are more serious than breaches of justice that do not disparage the integrity of the system on the basis of a class of citizenship.

The JTC should consider these and other appropriate standards that it may develop in its expertise, when it offers its recommendations.

In this case those standards are being applied to the findings of the Judicial Tenure Commission.  The Commission adopted the stipulations of fact agreed to by respondent and the examiner.  We adopt the following findings of the Commission as our own:

1.    Respondent is, and at all material times was, a judge of the 58th District Court in Hudsonville, Michigan, where he has served continuously since January 1, 1980.

2.    As a judge, he is subject to all the duties and responsibilities imposed on judges by the Michigan Supreme Court, and he is subject to the standards for discipline set forth in MCR 9.104 and MCR 9.205.

3.    Formal Complaint No. 90 ("Formal Complaint") is currently pending before the Michigan Judicial Tenure Commission ("the Commission"), with a trial date scheduled for December 17, 2012 before the appointed master, Judge John Pikkarainen (retired).

4.    In lieu of a trial and to eliminate the need for a master to issue findings, the Respondent and Examiner agree to the stipulations below, as well as to the admissibility of the transcripts attached hereto.

5.    The attached transcript Exhibit A (the "Official Transcript") entitled "People of the State of Michigan vs. Ethan Forrester Whale, 58th

District Court (Ottawa County) Case No. HU-11-47997-SM,["] before the Hon. Kenneth D. Post, District Judge, on Friday, December 2, 2011 is a complete and accurate transcription of the proceedings.

6. Respondent also admits that Exhibit B is a copy of a transcript that was prepared subsequent to the hearing identified in Exhibit A by the court reporter for 58th District Court Chief Judge Bradley Knoll after Respondent found the defendant's attorney Scott Millard in contempt of court. Respondent does not challenge the accuracy of either transcript A or B.

7. Respondent admits that he knew that by sentencing Mr. Millard to jail for contempt that he would be remanding Mr. Millard to the physical custody of the Ottawa County Sheriff's Department. Respondent did not provide directions to the Ottawa County Sheriff's Department as to how or in what manner they should transport Mr. Millard.

8. If called as a witness, Mr. Millard would testify that the Ottawa County Sheriff's Department took him into custody, handcuffing his hands behind his back, and transporting him to, and booking him in, the Ottawa County Jail. Later in the morning of December 2, 2011, when he was transported to the 20th Circuit Court before Judge Edward Post (no relation to Respondent) on a motion for emergency stay, Mr. Millard was handcuffed and placed in leg shackles, both of which [were] then attached to a "belly chain" around his waist. Judge Edward Post reversed Mr. Millard's contempt of court conviction.

9. The parties stipulate that the Commission may review Respondent's answer to the Commission's request for comments and any attachments and materials he submitted in response to the matter and Respondent's Verified Answers to Formal Complaint No[.] 90.

10. The Commission may make findings of fact based on these stipulations and the transcript(s), as well as draw reasonable inferences from them. The Commission may also make conclusions of law and a recommended sanction regarding the judicial misconduct, if any, which may have occurred.

11. Respondent admits that some of his comments directed to and about Mr. Millard were improper and eroded public confidence in the judiciary in violation of the Code of Judicial Conduct 2A. Respondent also admits that his failing to be patient and dignified with Mr. Millard was

contrary to the Code of Judicial Conduct 3A, thereby creating the appearance of impropriety.

12. Respondent contends that his actions did not violate Ethan Whale's Fifth Amendment right in the United States Constitution or Article [1], Section 17 or the Michigan State Constitution nor did Respondent violate Mr. Whale's Sixth Amendment right in the United States Constitution or Article [1], Section 20 of the Michigan State Constitution of the defendant in the underlying criminal matter. Respondent may include an affidavit on this issue in his brief to the Commission.

13. These stipulations and the transcript(s) shall serve in lieu of a master's report. The parties may proceed directly to argument before the Commission, as in MCR 9.216, as if the master had submitted a report containing the facts set forth herein. The parties may argue regarding the application of the law to the stipulated facts, but they may not argue against the stipulated facts. The parties may also argue about the inferences and conclusions that may be drawn from those facts and as to the appropriate sanction, if any.

14. The Commission may issue a Decision and Recommendation and may append a copy of these stipulations and the transcript(s) to that decision. The Commission shall file its Decision and Recommendation with the Supreme Court as a public document, pursuant to MCR 9.220. The parties further stipulate that this is *not* a consent resolution as contemplated by MCR 9.220(C).

15. The parties agree that these stipulations cover only the matters, cases or issues contained in the Formal Complaint and the substantive and procedural matters in them, and nothing herein precludes the Commission from investigating or pursuing other grievances that may be filed that are unrelated to the Formal Complaint.

16. Respondent acknowledges that he is entering these stipulations freely and voluntarily, that it is his own choice to do so, and that he is doing so in consultation with counsel. [Emphasis in original]

The standards set forth in *Brown* are also being applied to the following conclusions of the Judicial Tenure Commission, which we adopt as our own:

Respondent has admitted, and the Stipulations and attached transcripts show by a preponderance of the evidence, that Respondent

breached the standards of judicial conduct and is responsible for the following:

    a. Irresponsible or improper conduct that eroded public confidence in the judiciary, in violation of MCJC, Canon 2A; and

    b. Failure to be patient, dignified, and courteous to litigants, lawyers, and others with whom the judge deals in an official capacity, in violation of MCJC, Canon 3A(3).

In addition, although not admitted by Respondent, the Stipulations and attached transcripts show by a preponderance of the evidence, that Respondent breached the standards of judicial conduct and is responsible for the following:

    a. Misconduct in office, as defined by the Michigan Constitution of 1963, as amended, Article 6, Section 30 and MCR 9.205;

    b. Conduct clearly prejudicial to the administration of justice, as defined by the Michigan Constitution of 1963, as amended, Article 6, Section 30 and MCR 9.205;

    c. Conduct that is prejudicial to the proper administration of justice, in violation of MCR 9.104(1);

    d. Failure to establish, maintain, enforce, and personally observe high standards of conduct so that the integrity and independence of the judiciary may be preserved, contrary to MCJC, Canon 1.

    e. Failure to be aware that the judicial system is for the benefit of the litigant and the public, not the judiciary, contrary to MCJC, Canon 1.

    f. Conduct involving impropriety and appearance of impropriety, contrary to MCJC, Canon 2A;

    g. Failure to be faithful to the law, contrary to MCJC, Canon 3A(1);

h. Failure to avoid a controversial tone or manner in addressing counsel and failure to avoid the unnecessary interruption of counsel during arguments, in violation of MCJC, Canon 3A(8);

i. Conduct that exposes the legal profession or the courts to obloquy, contempt, censure, or reproach, contrary to MCR 9.104(2);

j. Conduct that is contrary to justice, ethics, honesty or good morals, contrary to MCR 9.104(3);

k. Conduct that violates the standards or rules of professional conduct adopted by the Supreme Court, contrary to MCR 9.104(4); and

l. Conduct that violates MCL 600.1701, addressing contempt.

After reviewing the recommendation of the Judicial Tenure Commission, the standards set forth in *Brown*, and the above findings and conclusions, we ORDER that the Honorable Kenneth D. Post be publicly censured and suspended from judicial office without pay for 30 days, effective 21 days from the date of this order. This order further stands as our public censure.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 1, 2013

_____
Clerk

d0424

STATE OF MICHIGAN

58th DISTRICT COURT - OTTAWA COUNTY

HUDSONVILLE, MICHIGAN


PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff,

v                                 File No. HU-11-047997-SM

ETHAN FORRESTER WHALE,

        Defendant.

_____/


ARRAIGNMENT
BEFORE THE HONORABLE KENNETH D. POST - DISTRICT COURT JUDGE
Hudsonville, Michigan - December 2, 2011


APPEARANCES:

For the Defendant:        Mr. Scott G. Millard P75153
                         Miel & Carr PLC
                         125 West Main Street
                         Post Office Box Eight
                         Stanton, Michigan 48888
                         (989) 831-5208

Recorded and          Marcia L. Walcott, CER 4050
Transcribed by:        (616) 662-6001


1                                         EXHIBIT A

# TABLE OF CONTENTS

WITNESSES                                                                    PAGE

None



EXHIBITS

None

Hudsonville, Michigan

Friday, December 2, 2011 - 10:05 a.m.

THE COURT: Kaitlin Bultema; Beth Donovan; Bradley Gibbie, G-i-b-b-i-e; David Giese, G-i-e-s-e; Havlicek, Arthur; Laura Riegle; Lawrence Seitz II, and Ethan Whale. You are Ms. Bultema? Is that right?

MS. BULTEMA: Yes.

THE COURT: Ms. Bultema, you're here for arraignment on a Complaint that charges you with the offense of being a Minor in Possession of Alcohol on or about the 30th day of October, 2011, in Allendale Township, Ottawa County, at Country Place Apartments. This is a misdemeanor. It carries with it a maximum fine of 100, 200 or $500, depending on whether it's a first, second or third offense. Court costs are over and above the fine. On the second or third offense your license to drive a motor vehicle will be suspended by the Secretary of State for a period of six months or one year, depending on whether it's a second or a third offense.

(At 10:06 a.m., off the record)

(At 10:11 a.m., on the record)

THE COURT: And Mr. Whale, your offense is alleged to have occurred on or about the 12th day of November, 2011, in Allendale Township, Ottawa County, at Lubbers Stadium. Do you understand the charge against you, sir?

MR. WHALE: Yes, sir.

3

THE COURT: Do you understand the penalties as they were explained to the first young lady?

MR. WHALE: Yes, sir.

THE COURT: You received a sheet from the Court that explained your trial rights. Did you get a chance to read those?

MR. WHALE: Yes, sir.

THE COURT: And do you understand them?

MR. WHALE: Yes, sir.

THE COURT: Do you have any questions about the charge, the penalties or any of your trial rights?

MR. WHALE: No, sir.

THE COURT: How do you wish to plead?

MR. WHALE: Not guilty.

THE COURT: The Court will enter your plea. Are you going to be--where do you live, sir?

MR. WHALE: My home address is 3566 Buckingham, Berkley, Michigan 4--

THE COURT: And the phone number there?

MR. WHALE: It's (248) 225-9733.

THE COURT: And is that where you're living?

MR. WHALE: Currently, no.

THE COURT: Well, where do you live now?

MR. WHALE: Right now I'm at Saginaw Valley State University.

4

THE COURT: What's your cell--is that the phone number at home or your cell phone?

MR. WHALE: That is my cell phone.

THE COURT: What's your phone number at home?

MR. WHALE: (248) 217-7202.

THE COURT: 7202?

MR. WHALE: Yes.

THE COURT: And who--which one of your parents or both of your parents live there?

MR. WHALE: Yes, both of them.

THE COURT: Are you employed?

MR. WHALE: Yes, sir.

THE COURT: Where?

MR. WHALE: The Jewish Community Center of Metropolitan Detroit.

THE COURT: And the phone number there?

MR. WHALE: (248) 432-5000.

THE COURT: Do you have any other charges pending against you at this time?

MR. WHALE: No, sir.

THE COURT: Have you ever previously been convicted of any other offense?

MR. WHALE: Yes, sir.

THE COURT: I can't hear you.

MR. WHALE: Yes, sir.

5

THE COURT: What?

MR. WHALE: MIP.

THE COURT: I'm sorry?

MR. WHALE: An MIP.

THE COURT: Prior MIP in Saginaw in February?

MR. WHALE: Yes, sir.

THE COURT: Anything else besides that?

MR. WHALE: No, sir.

THE COURT: When they give you a drug test today, are you going to be clean or dirty?

MR. MILLARD: Mr. Whale is going to stand mute to that question, Your Honor.

THE COURT: He's not going to stand mute. He's either going to answer the question or I'm going to remand him to jail, because I'm setting bond. And I want to know the answer to the question. Now, the answer to the question is what, sir?

MR. MILLARD: Your Honor, Mr.--

THE COURT: Be quiet, please.

MR. WHALE: I would fail.

THE COURT: I'm sorry?

MR. WHALE: I would--

MR. MILLARD: Your Honor--

THE COURT: You can have a seat now.

MR. MILLARD: Your Honor, I'm--

6

THE COURT: Sit down.

MR. MILLARD: I'm counsel, Your Honor.

THE COURT: I'm encouraged. Both of you sit down.

(At 10:13 a.m., off the record)

(At 10:46 a.m., on the record)

THE COURT: Okay. Mr. Whale. Mr. Whale, as I understand it, you don't want to answer my questions with regards to whether--when the last time was you used controlled substances. Is that correct?

MR. MILLARD: Yes, Your Honor.

THE COURT: Not you. I'm not talking to you.

MR. MILLARD: I'm his attorney, Your Honor.

THE COURT: I'm encouraged. Mr. Whale?

MR. MILLARD: Your Honor--

MR. WHALE: Correct.

THE COURT: Okay. You go over and have a drug test now so that we can find out and get a baseline. You can go with the officer, and he'll assist you. Thank you very much.

MR. MILLARD: Thank you, Judge.

THE COURT: We'll be back in a few moments.

(At 10:47 a.m., off the record)

(At 11:07 a.m., on the record)

THE COURT: Mr. Whale, you can come on up here, please. Mr. Whale, when was the last time you used controlled substances?

7

MR. WHALE: A few weeks ago.

THE COURT: What date? Look at the calendar, please, sir.

MR. MILLARD: Come on, Your Honor. Mr.--Mr. Whale has a Fifth Amendment right. You--

THE COURT: Counsel, I'm setting bond. There's two ways we can do this. I can give him 30 days from the date that he last used to be clean and come back in for another drug test, or I'll remand him to jail until such time as he's clean, and then we'll go from there, and we'll let him out of jail.

MR. MILLARD: Your Honor, Mr. Whale was not--was not on bond.

THE COURT: He is now.

MR. MILLARD: Mr.--he is from the point of--

THE COURT: And that's why I want to try to keep him--

MR. MILLARD: --from today forward.

THE COURT: That's why I want to try to keep him clean.

MR. MILLARD: And I--

THE COURT: So when you tell him--would you please be quiet? I really appreciate that. Thank you.

MR. MILLARD: I apologize.

THE COURT: Mr. Whale, when was the last time that

8

you used controlled substances? Let me have the date, please, sir.

MR. MILLARD: Your Honor, Mr. Whale has a Fifth Amend--

THE COURT: I'm not charging him with use of controlled substance, counsel. He's not charged with that charge. I'm interested in getting a clean, honest bond response. Now, if you don't want to do that, you can leave; your call.

MR. MILLARD: Your Honor, Mr. Whale has a Sixth Amendment right to assist--effective assistance of counsel.

THE COURT: That's right. And that's not what he's getting at the moment.

MR. MILLARD: Your Honor, I--I strongly disagree with that. I've--

THE COURT: I'm glad.

MR. MILLARD: I've been nothing but respectful. And I will always be respectful to the Bench.

THE COURT: Then would you please let him answer my question?

MR. MILLARD: But, Your Honor, Mr. Whale will be on bond as of today. This--this Court has full power to--to set conditions of bond. One of those conditions I'm--I'm strongly suspecting is going to be that Mr. Whale show up and--and provide drug screening. And--and that's--and Mr. Whale is

9

fully willing to do that. I--Mr. Whale honestly doesn't really have an opinion if that's the condition that this Court sets.

But, Your Honor, I--Mr. Whale has a Fifth Amendment right not to make admissions. And, Your Honor, the--the manner in which this--this proceeding is being conducted strongly has the--at least I'm getting the sense that it--it threatens to tread on that Fifth Amendment right. I--I ask--I just ask, Your Honor, that we--this--this Court set a date that you wish for him to--to take drug testing. Mr. Whale will be there on time. Mr. Whale will do that. Mr. Whale--

THE COURT: Counsel, if I set that date as tomorrow, he's going to fail the drug test. Then I'm going to remand him to jail until such time as I find out when it is. All I'm asking him to do is tell me when he last used so that I can set it in an appropriate amount of time so that he will not be dirty and will not go to jail.

MR. MILLARD: And I--

THE COURT: And if you don't want him to do that--

MR. MILLARD: You--

THE COURT: --that's entirely up to you. Now, obviously I wouldn't do it tomorrow. But I could have him back Monday, and I could have him back Tuesday and Wednesday and Thursday and Friday until such time as he's clean. Do you really want him to do that?

MR. MILLARD: Your Honor, I think the Court is fully empowered to do that. Certainly I don't want him to do that. I think it's extremely--it would be extremely--

THE COURT: It is only a violat--

MR. MILLARD: It would be very hard on--on an individual.

THE COURT: It is only a violation of the law, isn't it?

MR. MILLARD: Excuse me?

THE COURT: It's only a violation of the law, isn't it?

MR. MILLARD: A violation of the law what, Your Honor?

THE COURT: Using controlled substance, either alcohol or drugs.

MR. MILLARD: Your Honor, I think--I think it would be entirely reasonable to set Mr.--

THE COURT: I'm not interested in what you think. Haven't you gotten that yet?

MR. MILLARD: I have gotten that.

THE COURT: I really am not.

MR. MILLARD: And I understand that. And, Your Honor, the Court fully certainly has the right to not care what I say.

THE COURT: Thank you. Then be quiet.

11

MR. MILLARD: However, Your Honor, I--

THE COURT: Be quiet. Thank you very much. Mr. Whalen--Whale. Excuse me. Mr. Whale, when was the last time that--the date that you last used controlled substances, sir?

MR. MILLARD: Your Honor, can we--

THE COURT: One more word, and I'm going to hold you in contempt. The first thing that I do when I hold somebody in contempt is I will give you a fine. The second thing I do, if you're in contempt again, is I'll remand you to jail. I don't want to do that, counsel.

MR. MILLARD: Your Honor--

THE COURT: This is a legitimate question. And I'm going to ask it in determining what the bond level is going to be. And he is going to answer it or you're going to go to jail. And then I'll start dealing with him. The choice is completely yours. I don't want to go down this road. Don't force me to go down there, sir.

MR. MILLARD: Your Honor--

THE COURT: Be quiet is what I told you, didn't I?

MR. MILLARD: Your--Your Honor, can--

THE COURT: Don't go there.

MR. MILLARD: Your Honor, respectfully I would just request that Mr. Whale have it set that he come in in two weeks and submit to a drug test.

THE COURT: I heard your request. Thank you. Mr.

12

Whale, what was the date that you last used, please, sir?

MR. MILLARD: Your Honor--

THE COURT: Mr. Whale--I'm not addressing you. Would you--

MR. MILLARD: This is--he has a--

THE COURT: --be quiet?

MR. MILLARD: --Fifth Amendment right not to be forced to make an admission.

THE COURT: He is not making an admission against his interest at this point. He's making an admission that will grant him to be released so that he can go about his business and come in on another day when he will be clean. And--

MR. MILLARD: Your Honor--

THE COURT: --if you don't like that, I'm sorry.

MR. MILLARD: Your--Your Honor, he was not on bond.

THE COURT: I don't give a rat's tail if he--

MR. MILLARD: He didn't have a condition of bond--

THE COURT: --was or he wasn't.

MR. MILLARD: --that prohibited that.

THE COURT: Counsel, will you be quiet?

MR. MILLARD: I--I--I cannot be quiet to this Court's insist--

THE COURT: One hundred dollars in contempt of Court, the first sanction. Now, if you want to keep going,

13

you name it, because we're going to do it by the days. I don't particularly want to go there. But you're more than welcome to help me. Mr. Whale--

MR. MILLARD: Your Honor, you're insisting that he make an admission. He has a Fifth Amendment right not to make an admission.

THE COURT: This is your second warning. I don't give a third. You make the call. And if you go, you're going to be there for the whole weekend. You make the call. Mr. Whale, when was the last time you used controlled substances?

MR. MILLARD: Your Honor--

THE COURT: Counsel, I'm holding you in contempt of Court. Remand him to the jail. Mr. Whale, we'll be back here on Monday morning. Mr. Whale, we'll be back here on Monday morning, and we'll do this again, with your attorney here to represent you. I want you here at 8:00 o'clock Monday morning. We're adjourned.

(At 11:14 a.m., off the record)

(At 11:56 a.m., on the record)

THE COURT: Mr. Millard.

MR. MILLARD: Yes, Judge.

THE COURT: Come on up here. Mr. Millard, you have been held in contempt of Court. And I am willing to set that and release you at this point if on Monday morning you're willing to have your client come in and appear and answer the

14

questions that I'm going to put to him. And if you're not willing to do that, you can go to jail at this point. You've made a record. You're more than welcome to appeal any decision that I make. The question is whether or not you want to spend the weekend in jail.

MR. MILLARD: Your Honor, humbly, I certainly do not want to spend the weekend in jail. I certainly have--

THE COURT: Did you hear my question to you? On Monday morning at 8:00 o'clock do you want to be here with your client so that he can answer the questions? He is going to be here. I can have you here, too, because I can have the jail bring you down.

MR. MILLARD: Yes, Your Honor. And I--I certainly appreciate that. I--I was down here covering for another counsel.

THE COURT: Mr. Heath.

MR. MILLARD: I'm sorry. Ms. Heath, Judge.

THE COURT: Ms. Heath.

MR. MILLARD: I--I would expect that Ms. Heath would be appearing on that day.

THE COURT: That's fine. But my question has to do with you.

MR. MILLARD: Yes, Judge.

THE COURT: I am not going to tolerate disrespect in the courtroom. When I tell you to be quiet and have somebody

15

else answer the question, that's what you do. And if you don't like that, you've made a record. You take it up on appeal. Now, would you like to go to jail for the weekend, or would you rather go home?

MR. MILLARD: Judge, I--I would really like to go home. I have trial prep to do this weekend. So I'd appreciate to be able to do that.

THE COURT: Do you think you can have your clients answer my questions when I ask them in the future?

MR. MILLARD: Your Honor, certainly within the--

THE COURT: I need a yes or a no answer to that.

MR. MILLARD: Yes, I think I could have my clients answer your questions, certainly.

THE COURT: Because you didn't today. And you continued to talk over my telling you to be quiet. Are you going to continue to do that also?

MR. MILLARD: No, Your Honor, unless my duty as an officer--

THE COURT: No, no.

MR. MILLARD: --of the Court--

THE COURT: Yes or no?

MR. MILLARD: --requires me to speak up.

THE COURT: It does not require you to argue with me in court at anytime.

MR. MILLARD: I--I humbly apologize if in any way I

16

made you feel that

THE COURT: It's not a question of how I feel.

MR. MILLARD: --I was arguing. I--

THE COURT: It's got nothing to do with my feelings. It has to do with whether or not I get the answers from your client that I request. And my question to you is are you going to allow them to answer that in the future?

MR. MILLARD: Your Honor, everything that he is required--

THE COURT: Yes or no?

MR. MILLARD: Yes, everything required by law, I would certainly instruct my client.

THE COURT: You know what? You're dancing, and I'm not dancing. He's yours. We're adjourned.

(At 11:58 a.m., proceedings concluded)

17

STATE OF MICHIGAN )
                 )
COUNTY OF OTTAWA  )

I certify that this is a complete, true and correct transcript of

the proceedings and testimony taken in this case before Honorable

Kenneth D. Post on December 2, 2011.


December 6, 2011                    *Marcia L. Walcott*

                                   Marcia L. Walcott, CER 4050
                                   58th District Court
                                   3100 Port Sheldon
                                   Hudsonville, Michigan  49426
                                   (616) 662-6001

18

## STATE OF MICHIGAN

### IN THE 58TH JUDICIAL DISTRICT COURT (OTTAWA COUNTY)

\* \* \* \* \*

PEOPLE OF THE STATE OF MICHIGAN,

                                     HU-11-47997-SM

VS.

ETHAN FORRESTER WHALE,

           Defendant.

---

### ARRAIGNMENT

BEFORE THE HONORABLE KENNETH D. POST, DISTRICT JUDGE

Hudsonville, Michigan – Friday, December 2nd, 2011

APPEARANCES:

For the People:           N/A

For the Defendant:        MR. SCOTT G. MILLARD (P75153)
                               Attorney for the Defendant
                               125 West Main Street
                               Post Office Box 8
                               Stanton, Michigan 48888
                               (989) 831-5208

RECORDED BY:          Marcia Walcott CER4050

TRANSCRIBED BY:       Jeanna M. Meengs CER7288
                               Certified Electronic Recorder
                               58th District Court
                               85 West Eighth Street
                               Holland, Michigan 49423
                               (616) 355-4311

-1-

EXHIBIT B

# TABLE OF CONTENTS

WITNESSES: PEOPLE                                                  PAGE

    None offered.


WITNESSES: DEFENDANT

    None offered.


EXHIBITS:                                        MARKED     RECEIVED

    None offered.


OTHER MATERIAL IN TRANSCRIPT:                               PAGE

    Separate Record                                 15-18

Hudsonville, Michigan

Friday, December 2nd, 2011, at 10:11 a.m.,

(Court, Counsel and all parties present)

THE COURT: Mr. Whale. Your offense is alleged to have occurred on, or about, the 12th day of November, 2011, in Allendale Township, Ottawa County, at Lubbers Stadium. Do you understand the charge against you sir?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand the penalties as they were explained to the first young lady?

THE DEFENDANT: Yes, sir.

THE COURT: You received a sheet from the court that explains your trial rights. Did you get a chance to read those?

THE DEFENDANT: Yes, sir.

THE COURT: And do you understand them?

THE DEFENDANT: Yes, sir.

THE COURT: Do you have any questions about the charge, the penalties, or any of your trial rights?

THE DEFENDANT: No, sir.

THE COURT: How do you wish to plead?

THE DEFENDANT: Not guilty.

THE COURT: The Court will enter your plea. You going to be - - where do you live, sir?

THE DEFENDANT: My home address is 3566 Buckingham,

-3-

Berkley, Michigan 4 - -

THE COURT: Do you have a phone number there?

THE DEFENDANT: (248) 225-9733.

THE COURT: And is that where you're living?

THE DEFENDANT: Currently, no.

THE COURT: Well where are you living at?

THE DEFENDANT: Right now I'm at Saginaw Valley State University. .

THE COURT: What's your - - is that the phone number at home or your cell phone?

THE DEFENDANT: That is my cell phone.

THE COURT: What's your phone number at home?

THE DEFENDANT: (248) - -

THE COURT: Uh huh - -

THE DEFENDANT: - - 217-7202.

THE COURT: 7-2-0-2?

THE DEFENDANT: Yes.

THE COURT: And who - - which one of your parents, or both of your parents, live there?

THE DEFENDANT: Yes, both of 'em.

THE COURT: Are you employed?

THE DEFENDANT: Yes, sir.

THE COURT: Where?

THE DEFENDANT: The Jewish Community Center of Metropolitan Detroit.

-4-

THE COURT: And the phone number there?

THE DEFENDANT: (248) - -

THE COURT: Uh huh - -

THE DEFENDANT: - - 432-5000.

THE COURT: Do you have any other charges pending against you at this time?

THE DEFENDANT: No, sir.

THE COURT: Have you ever previously been convicted of any other offense?

THE DEFENDANT: Yes, sir.

THE COURT: I can't hear you.

THE DEFENDANT: Yes, sir.

THE COURT: What?

THE DEFENDANT: An MIP.

THE COURT: I can't - - I'm sorry?

THE DEFENDANT: An MIP.

THE COURT: A prior MIP in Saginaw and - - in February?

THE DEFENDANT: Yes, sir.

THE COURT: Anything else besides that?

THE DEFENDANT: No, sir.

THE COURT: When they give you a drug test today, are you gonna be clean or dirty?

MR. MILLARD: Mr. Whale's gonna stand mute to that question, your Honor.

-5-

THE COURT: He's not gonna stand mute. He's either gonna answer the question or I'm gonna remand him to jail, 'cuz I'm setting bond and I wanna know the answer to the question.

Now, the answer to the question is what, sir?

MR. MILLARD: Your Honor, Mr. - -

THE COURT: Be quiet. Please.

THE DEFENDANT: I'd fail.

THE COURT: I'm sorry?

THE DEFENDANT: I would - -

MR. MILLARD: Your Honor - -

THE COURT: You can have a seat now.

MR. MILLARD: Your Honor, I'm - -

THE COURT: Sit down.

MR. MILLARD: I'm counsel, your Honor - -

THE COURT: I'm encouraged. Both of you sit down.

(At 10:13:41 a.m., proceedings interrupted for unrelated matters)

(At 10:46:30 a.m., proceedings continue)

THE COURT: Mr. Whale. As I understand it, you don't want to answer my questions with regards to whether - - when the last time was you used controlled substances. Is that correct?

MR. MILLARD: Yes, your Honor.

THE COURT: Not you. I'm not talking to you.

-6-

MR. MILLARD: I'm his attorney, your Honor.

THE COURT: I'm encouraged. Mr. Whale?

MR. MILLARD: Your Honor - -

THE DEFENDANT: Correct.

THE COURT: Okay. You go over and have a drug test now so that we can find out and get a baseline. You can go with the officer and he'll assist you. Thank you very much.

MR. MILLARD: Thank you, Judge.

THE COURT: We'll be back in a few moments.

(At 10:46:56 a.m., proceedings adjourned)

(At 11:07:55 a.m., proceedings reconvene)

THE COURT: Mr. Whale, when was the last time you used controlled substances?

THE DEFENDANT: A few weeks ago.

THE COURT: What date? Look at the calendar, please, sir.

MR. MILLARD: (inaudible 11:08:03) your Honor. Mr. - - Mr. Whale has a Fifth Amendment right - -

THE COURT: Counsel, I'm setting bond. There's two ways we can do this. I can give him 30 days from the date that he last used to be clean, and come back in for another drug test; or I'll remand him to jail until such time as he's clean, and then we'll go from there.

MR. MILLARD: But your - -

THE COURT: I won't let him outta jail.

-7-

MR. MILLARD: Your Honor, Mr. Whale was not - - was not on bond. Mr. Whale - -

THE COURT: He is now.

MR. MILLARD: He is from the point of - -

THE COURT: That's why I wanna try to keep him - -

MR. MILLARD: - - from today, forward.

THE COURT: That's why I wanna try to keep him clean.

MR. MILLARD: And - - and I - -

THE COURT: So when you tell him - - would you please be quiet? I really appreciate that. Thank you.

MR. MILLARD: I apologize.

THE COURT: Mr. Whale, when was the last time that you used controlled substances? Give - - let me have the date, please, sir.

MR. MILLARD: Your Honor, the - - Mr. Whale has a Fifth Amendment - -

THE COURT: I'm not charging him with use of controlled substance, counsel. He's not charged with that charge. I'm interested in getting a clean, honest bond response. Now if you don't wanna do that, you can leave. Your call.

MR. MILLARD: Your Honor, Mr. Whale has a Sixth Amendment right to assist - - effective assistance of counsel - -

-8-

THE COURT: That's right, and that's not what he's getting at the moment.

MR. MILLARD: Your Honor, I - - I strongly disagree with that. I've - -

THE COURT: I'm glad.

MR. MILLARD: I've been nothing but respectful, and I will always be respectful to the Bench.

THE COURT: Then would you please let him answer my question?

MR. MILLARD: But your Honor, Mr. Whale will be on bond as of today. This - - this Court has full power to - - to set conditions of bond. One of those conditions, I'm - - I'm strongly suspecting is going to be that Mr. Whale show up and - - and provide drug screening. And - - and that's - - and Mr. Whale's fully willing to do that. I - - Mr. Whale, honestly, doesn't really have an opinion if that's the condition that this Court sets. But your Honor, I - - Mr. Whale has a Fifth Amendment right not to make admissions, and, your Honor, the - - the manner in which this - - this proceeding is being conducted, strongly has the - - at least I'm getting the sense that it - - it threatens to tread on the Fifth Amendment right.

I - - I asked - - I just ask your Honor, that we - - this - - this Court set a date that you wish for him to - - to take a drug testing. Mr. Whale will be there on time.

-9-

Mr. Whale will do that.  Mr. Whale - -

THE COURT: Counsel, if I set that date as tomorrow, he's gonna fail the drug test.  Then I'm gonna remand him to jail until such time as I find out when it is.  All I'm asking him to do is tell me when he last used so that I can set it at an appropriate amount of time so that he will not be dirty, and will not still go to jail.

MR. MILLARD: And I  - - I'm - -

THE COURT: But you don't want him to do that.

MR. MILLARD: You - -

THE COURT: That's entirely up to you.  Now, obviously, I wouldn't do it tomorrow, but I could have him back Monday.  And I could have him back Tuesday, and Wednesday, and Thursday and Friday, until such time as he's clean.  Do you really want him to do that?

MR. MILLARD: Your Honor, I  - - I think the Court's fully in power to do that, certainly.  I don't want him to do that.  I think that's extremely - - it would be extremely - -

THE COURT: It is only a viola - -

MR. MILLARD:  - - it would be very hard on a - - an individual - -

THE COURT: It is only a violation of law, isn't it?

MR. MILLARD: Excuse me?

-10-

THE COURT: Its only a violation of the law, isn't it?

MR. MILLARD: A violation of the law, what?

THE COURT: Using a controlled substance, either alcohol or drugs.

MR. MILLARD: Your Honor, I think - - I think it'd be entirely reasonable to set Mr. - -

THE COURT: I'm not interested in what you think. Haven't you gotten that yet?

MR. MILLARD: I have gotten that, and I - -

THE COURT: - - I really am not.

MR. MILLARD: - - understand that, and your Honor, the Court fully, certainly, has the right to not care what I say. How - -

THE COURT: Thank you. Then be quiet.

MR. MILLARD: However, your Honor, - -

THE COURT: Be quiet. Thank you very much. Mr. Whalen - - Whale - - excuse me - - Mr. Whale, when was the last time that you - - the date that you last used controlled substances, sir?

MR. MILLARD: Your Honor, can we - -

THE COURT: One more word and I'm gonna hold you in contempt. The first thing that I do when I hold somebody in contempt is I will give you a fine. The second thing I do if you're in contempt again, is I'll remand you to jail. I

-11-

don't wanna do that, counsel.

MR. MILLARD: Your Honor - -

THE COURT: This is a legitimate question and I'm going to ask it in determining what the bond level is going to be, and he's going to answer it, or you're going to go to jail and then I'll start dealing with him. The choice is completely your's. I don't wanna go down this road, so don't force me to go down there, sir.

MR. MILLARD: Your Honor, - -

THE COURT: Be quiet is what I told you, didn't I?

MR. MILLARD: Your - - your Honor, can - -

THE COURT: Don't go there.

MR. MILLARD: Your Honor, respectfully, I would just request that Mr. Whale have it set that he come in in two weeks and submit to a drug test.

THE COURT: I heard your request. Thank you. Mr. Whale, what was the date that you last used, please, sir?

MR. MILLARD: Your Honor, - -

THE COURT: Mr. Whale - - I'm not addressing you.

MR. MILLARD: Its his Fifth - -

THE COURT: Would you be quiet? - -

MR. MILLARD: - - Amendment right not to be forced to make an admission.

THE COURT: He is not making an admission and - - against his interests at this point. He's making an

-12-

admission that will grant him to be released so that he can go about his business and come in on another day when he'll be clean.

MR. MILLARD: Your Honor - -

THE COURT: And if you don't like that, I'm sorry.

MR. MILLARD: Your - - your Honor, he was not on bond.

THE COURT: I don't give a rat's tail if he was or he wasn't.

MR. MILLARD: He didn't have the condition of bond that pro - - prohibited that.

THE COURT: Counsel, will you be quiet?

MR. MILLARD: I - - I can - - I cannot be quiet to this Court's insistence - -

THE COURT: One hundred dollars in contempt of court. First sanction. Now, if you wanna keep going, you name it, because we're gonna do it by the days. I don't particularly wanna go there, but you're more than welcome to help me.

Mr. Whale - -

MR. MILLARD: Your Honor, your insisting that he make an admission. He has a Fifth Amendment right not to make an admission.

THE COURT: This is your second warning. I don't give a third. You make the call. And if you go, you're

-13-

gonna be there for the whole weekend. You make the call.

Mr. Whale, when was the last time you used controlled substances?

MR. MILLARD: Your Honor, - -

THE COURT: Counsel, I'm holding you in contempt of court. Remand him to the jail.

MR. MILLARD: Can I have my coat?

THE BAILIFF: Yep, I'll get it.

THE COURT: Mr. Whale, we'll be back here on Monday morning. Mr. Whale, - -

THE DEFENDANT: Can I - -

THE COURT: - - we'll be back here on Monday morning and we'll do this again with your attorney here to represent you. I want you here at 8:00 Monday morning. We're adjourned.

(At 11:31: a.m., proceedings adjourned)

- - -

-14-

SEPARATE RECORD

(At 11:55 a.m., Beginning of Separate Record)

THE COURT: Good thinking. The show is just beginning. You won't get better tickets anyplace. I'd sit up close if I were you.

UNIDENTIFIED SPEAKER: Okay.

THE COURT: The front row is good. Actually, his P number is 8 - - 6-8-6-6-1.

THE RECORDER: No. No, that's someone - - his name is Mr. Millard - - Millard. Sandy got - -

THE COURT: Oh. Mr. Millard?

MR. MILLARD: Yes, Judge.

THE COURT: Come on up here. Mr. Millard, you have been held in contempt of court, and I'm willing to set that (sic) and release you at this point, if, on Monday morning, you're willing to have your client come in and appear and answer the questions that I'm going to put down here. If you're not willing to do that, you can go jail at this point. You've made a record, you're more than welcome to appeal any decision I make. The question is whether or not you wanna spend the weekend in jail.

MR. MILLARD: Your Honor, humbly, I - - I certainly do not wanna spend the weekend in jail. I certainly - -

THE COURT: Did you hear my question to you? On

-15-

Monday morning, at 8:00, do you wanna be here with your client so that he can answer the questions? He's going to be here.

MR. MILLARD: Your - -

THE COURT: I can have you here, too, because I can have the jail bring you down.

MR. MILLARD: Yes, your Honor, and I - - I certainly appreciate that. I - - I was down here covering for another counsel.

THE COURT: Mr. Heath.

MR. MILLARD: Ms. - - I'm sorry, Ms. Heath, Judge.

THE COURT: Ms. Heath.

MR. MILLARD: I - - I would expect that Ms. Heath would be appearing on that day.

THE COURT: That's fine. But my question has to do with you.

MR. MILLARD: Yes, Judge.

THE COURT: I am not going to tolerate disrespect in the courtroom. When I tell you to be quiet and have somebody else answer the question, that's what you do. If you don't like that, you've made a record, you take it up on appeal. Now, would you like to go to jail for the weekend, or would you rather go home.

MR. MILLARD: Judge, I - - I would really like to go home. I have trial prep to do this weekend. So I would

-16-

appreciate to be able to do that.

THE COURT: Do you think you can have your clients answer my questions when I ask them in the future?

MR. MILLARD: Your Honor, certainly with advice - -

THE COURT: I need a yes or a no answer to that.

MR. MILLARD: Yes, I think I could have my clients answer your questions. Certainly.

THE COURT: Cause you didn't today, and you continued to talk over my telling you to be quiet. Are you going to continue to do that also?

MR. MILLARD: No, your Honor, unless my duty as an officer of the court - -

THE COURT: No. No. Yes or no? - -

MR. MILLARD: - - requires me to speak up.

THE COURT: It does not require you to argue with me in court at any time.

MR. MILLARD: I - - I, humbly, apologize if, in any way, I made you feel that - -

THE COURT: Its not a question of - -

MR. MILLARD: - - I was arguing. I - -

THE COURT: - - of how I feel. Its got nothing to do with my feelings. It has to do with whether or not I get the answers from your client that I request. And my question to you is, are you going to allow them to answer that in the future?

MR. MILLARD: Your Honor, everything that he is required - -

THE COURT: Yes or no?

MR. MILLARD: Yes, everything required by law I would certainly instruct my client - -

THE COURT: You know what, we're dancing, and I'm not dancing. He's your's. We're adjourned.

(At 11:58:56 a.m., End of Separate Record)

- - -

-18-

STATE OF MICHIGAN    )

COUNTY OF OTTAWA     )


Jeanna M. Meengs, Certified Electronic Recorder for the 58th District Court, State of Michigan, does hereby certify that the foregoing Arraignment for Ethan Whale, file HU-11-47997-SM, pages 1 through 19, inclusive, comprises a true and accurate transcript of the recorded proceedings as provided to me held before the Honorable Kenneth D. Post, District Court Judge, on Friday, December 2nd, 2011.

Jeanna M. Meengs, CER7288
Certified Electronic Recorder
58th District Court
85 West Eighth Street
Holland, Michigan    49423
(616) 355-4311


Holland, Michigan
December 6th, 2011

-19-